AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES; AFGE Council 214; AFGE Local 916; Mark Dickinson; Kelley Cross; John T. Stamps, Plaintiffs–Appellants,

v.

George T. BABBITT, Major, Commander of the Air Force Materiel Command at Wright–Patterson Air Force Base; Michael E. Zettler, Commander of Oklahoma City Air Force Materiel Command at Tinker Air Force Base, Defendants–Appellees.

No. 01–3577.

United States Court of Appeals, Sixth Circuit.

Aug. 26, 2002.

Before MOORE and GILMAN, Circuit Judges; and ROSEN,* District Judge.

**OPINION**

PER CURIAM.

Plaintiffs–Appellants, civil employees at Tinker Air Force Base in Oklahoma City, Oklahoma and their unions, appeal the decision of the district court granting Defendants–Appellees' motion to dismiss for lack of subject matter jurisdiction. The district court held that Plaintiffs–Appellants did not have prudential standing under the Administrative Procedure Act ("APA") to sue Defendants–Appellees. Because we conclude that this case is entirely governed by our recent decision in *Courtney v. Smith*, 297 F.3d 455 (2002), in which we held that identically situated plaintiffs did not have prudential standing under the APA, we AFFIRM the decision of the district court.

On March 15, 2000, the Plaintiffs–Appellants ("plaintiffs"), the American Federation of Government Employees ("AFGE"),

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

AFGE Council 214, AFGE Local 916, Mark Dickinson, Kelley Cross, and John T. Stamps, brought a claim against Defendants–Appellees ("defendants"), George T. Babbitt, Major General, Commander of the Air Force Materiel Command at Wright–Patterson Air Force Base, and Michael E. Zettler, Major General, Commander of Oklahoma City Air Force Materiel Command at Tinker Air Force Base, in the United States District Court for the Southern District of Ohio under the APA, alleging that the defendants "illegally awarded a multimillion dollar civil engineering contract to DynPar Corporation," a private contractor, that resulted in the named plaintiffs' loss of their jobs. Joint Appendix ("J.A.") at 8, 16 (Compl.). According to the plaintiffs, "if the applicable workload competition laws had been followed, the performance of that workload would have been awarded to the federal employees at Tinker Air Force Base." J.A. at 8. On May 23, 2000, the defendants moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), claiming that the plaintiffs lacked both constitutional and prudential standing. The district court granted the motion on March 27, 2001 on the ground that the plaintiffs lacked prudential standing.

■ The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. In *Courtney*, we explained that "[a] plaintiff seeking judicial review of agency action under the APA, however, must not only meet the constitutional requirements of standing, but must also demonstrate prudential standing." *Courtney*, 297 F.3d 455, 460–61 (citing *Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co.*, 522 U.S. 479, 488, 118 S.Ct. 927, 140 L.Ed.2d 1 (1998) ("We have interpreted § 10(a) of the APA [5 U.S.C. § 702] to impose a prudential standing requirement in addition to the requirement, imposed by Article III of the Constitution, that a plaintiff have suffered a sufficient injury in fact.")). "Prudential standing exists if the interest that the plaintiff seeks to protect is 'arguably within the zone of interests to be protected or regulated by the statute . . . in question.'" *Id.* (quoting *Nat'l Credit Union Admin.*, 522 U.S. at 488).

■ Plaintiffs–Appellants in *Courtney* (the "*Courtney* plaintiffs") were, like the plaintiffs in the instant case, civil employees at an Air Force base who sought to sue their federal-agency employer for contracting out work performed at the base to a private contractor, thereby threatening the plaintiffs' jobs at the base. The *Courtney* plaintiffs contended that they had prudential standing under the APA because the interests they sought to protect were in the "zone of interests" of the following regulations and statutes: (1) Office of Management and Budget ("OMB") Circular No. A–76 and its accompanying Supplement; (2) the Budget and Accounting Act of 1921, codified as amended in scattered sections of 31 U.S.C.; (3) the Office of Federal Procurement Policy Act Amendments of 1979, 41 U.S.C. §§ 403–36; (4) the Federal Activities Inventory Reform ("FAIR") Act of 1998, 31 U.S.C. § 501; and (5) various federal procurement statutes, 10 U.S.C. §§ 2304, 2461–63, 2467–69. *See Courtney*, 297 F.3d 455, 458–59. The plaintiffs in the instant case contend that they have prudential standing under the APA because the interests they seek to protect are in the "zone of interests" of the same regulations and statutes. *See* Appellants' Br. at 42–51 (claiming prudential standing under OMB Circular No. A–76 and its implementing statutes, the Budget and Accounting Act of 1921 and the Office of Federal Procurement Policy Act Amendments of 1979; the FAIR Act of 1998; and 10 U.S.C. §§ 2304, 2461, 2462, 2467, and 2468).

In *Courtney*, we first concluded that the *Courtney* plaintiffs sought only to protect one interest—retention of their government jobs. *Courtney*, 297 F.3d at 461.[1] We then carefully analyzed whether that interest fell within the "zone of interests" of any of the regulations and statutes the *Courtney* plaintiffs had cited, and we concluded that it did not. *Id.* at 461–67. Because we so recently and completely engaged in this analysis, we need not repeat it here. In brief, we note that we held that the *Courtney* plaintiffs could not have prudential standing under the APA through OMB Circular No. A–76 and its accompanying Supplement in that "neither the Circular nor the Supplement are statutes." *Id.* at 462 (citing *Nat'l Fed'n of Fed. Employees v. Cheney*, 883 F.2d 1038, 1043 (D.C. Cir. 1989)("The Circular is not a statute, and, although promulgated pursuant to congressional authority, the Circular itself cannot grant standing.")(citation omitted)). Furthermore, we held that, based on the language of the statutes and their legislative history, the *Courtney* plaintiffs' interest in retaining their government jobs was not in the "zone of interests" of the Budget and Accounting Act of 1921, the Office of Federal Procurement Policy Act Amendments of 1979, the FAIR Act of 1998, or the various procurement statutes, codified in U.S.C. §§ 2304, 2461–63, 2467–69. *Id.* at 462–67. We concluded that "none of these statutes support a finding that Congress intended to protect the jobs of federal employees." *Id.* at 466.

The plaintiffs in the instant case, as civil employees who lost their jobs at Air Force bases as a result of decisions by the bases to contract out certain work, are identical-ly situated to the *Courtney* plaintiffs for the purpose of suing their employers under the APA. As described above, the plaintiffs in the instant case claim prudential standing under the APA through regulations and statutes identical to the regulations and statutes through which the *Courtney* plaintiffs claimed prudential standing under the APA. Applying *Courtney*, therefore, we must find that the plaintiffs in the instant case do not have prudential standing under the APA to sue the defendants. Without further discussion, we **AFFIRM** the decision of the district court to grant the defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

1. We explained that although the *Courtney* plaintiffs also asserted "a more general interest in ensuring that the government conforms to the applicable laws in making outsourcing decisions," such a "generalized grievance, which presumably, would be shared by all citizens, is insufficient to satisfy the prudential standing requirements." *Courtney*, 297 F.3d at 461